

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 20, 1972

Honorable George N. Rodriguez, Jr.          Opinion No. M-1171
County Attorney
El Paso County                              Re:  Can a Grand Jury In-
City-County Building, Room 201                   vestigate and report
El Paso, Texas  79901                            on non-criminal matters?

Dear Mr. Rodriguez:

You have asked our opinion as to Grand Juries making reports
to the district courts not involving the return of indictments.
Specifically you ask:

> "Can a Grand Jury's report or recommendation,
> given to a District Court, not involving criminal
> matters, but of probable public interest, be dis-
> closed, particularly when less than nine (9) Grand
> Jurors sign the report or recommendation?"

Grand Juries are authorized by the Texas Constitution of
1876 in Section 10 of Article 1, Sections 13 and 17 of Article
5, and Section 19 of Article 16. However, no constitutional
provision sets out the duties or scope of inquiry of the Grand
Jury.

The duties of the Grand Jury are described in Article 20.09
of the Texas Code of Criminal Procedure, 1965, as follows:

> "The grand jury shall inquire into all offenses
> liable to indictment of which any member may have
> knowledge, or of which they shall be informed by
> the attorney representing the State, or any other
> credible person. Acts 1965, 59th Leg., vol. 2,
> p. 317, ch. 722."

Article 20.19, Texas Code of Criminal Procedure, provides:

-5713-

"After all the testimony which is accessible
to the grand jury shall have been given in respect
to any criminal accusation, the vote shall be taken
as to the presentment of an indictment, and if nine
members concur in finding the bill, the foreman
shall make a memorandum of the same with such data
as will enable the attorney who represents the State
to write the indictment.  Acts 1965, 59th Leg., vol.
2, p. 317, ch. 722."

Article 20.21, Texas Code of Criminal Procedure, states:

"When the indictment is ready to be presented,
the grand jury shall go in a body into open court,
and through their foreman, deliver the indictment
to the judge of the court.  At least nine members
of the grand jury must be present on such occasion.
Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

While certain other statutes require the filing of certain
reports and information with the Grand Jury (i.e. Section 15 of
Article 4590c-1, Articles 3896, 6714, and 7217, Texas Civil
Statutes), it seems clear that the Grand Jury is to consider the
reports to determine if any criminal violations are present or
indicated.  Note should also be made that the only reports to
the district court covered by statute are the delivery of in-
dictments as authorized by Article 20.21, Code of Criminal Pro-
cedure.  (Article 19.38, Code of Criminal Procedure, does direct
the Grand Jury to report to the district court where the Grand
Jury bailiff violates his duty).

It is therefore evident that under the law of Texas, the
power of the Grand Jury is limited to investigating possible
criminal offenses and delivering any resulting indictment to the
district court when nine members of the jury vote to return an inc
ment.  Ex Parte Jennings, 240 S.W. 942 (Tex.Crim. 1922); Ex Parte
Miller, 240 S.W. 944; (Tex.Crim. 1922); Alt v. State, 203 S.W.2d
53 (Tex.Crim. 1918).

There being no authority given to the Grand Jury to in-
vestigate civil matters or to make any investigation into circum-
stances where no criminal offense is suspected or alleged, no
report or recommendation to the district court in such matters is

authorized, the only report being authorized by law being in the form of indictments where nine members vote to return the indictments. Rich v. Eason, 180 S.W. 304 (Tex.Civ.App. 1915, no writ).

As the court said in Rich v. Eason, supra, in construing the predecessor Grand Jury statutes:

> ". . .The articles in our criminal procedure which define the duties of the grand jury are silent with respect to any report, such as is alleged to have been made with reference to the misconduct or moral character of the appellant, as claimed in this case."

And the court concluded that a Grand Jury report reflecting on the moral character of several county and city officers was not privileged (because there was no authority for the report) and so could become the subject of a libel action against the Grand Jurors.

The view expressed by the Texas courts is in accord with the rule of other jurisdictions. Volume 38, American Jurisprudence 2d pages 974-976; Grand Juries, Secs. 29 and 30, states the rule thusly:

> "In the absence of special statutory authorization, grand juries cannot act in civil matters."

and

> "In the absence of the statute, a grand jury has no right to file a report reflecting on the character or conduct of public officers or citizens, unless it is accompanied or followed by an indictment."

Accordingly, we are of the opinion that a Grand Jury can only investigate criminal matters with the end view being the voting of or rejection of an indictment. It follows that a Grand Jury has no authority to report on non-criminal matters and any such report should not be filed or disclosed by the district court.

## S U M M A R Y

A Grand Jury can only investigate alleged criminal offenses and can only report as to indictments returned.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bob Lattimore
Ben Harrison
Jay Floyd
John Reeves

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant